# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| CALVIN B. JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV419-115 |
| ) | |
| UNITED STATES MARSHALLS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Calvin James has once again inexplicably refused to submit this Court's form motion to proceed *in forma pauperis* (IFP). Doc. 3; *see* doc. 2 (notifying James of his filing fee deficiency and providing him with a copy of the Court's prisoner IFP form); *c.f., James v. District Court*, CV419-031, doc. 14 (dismissed for failure to comply with a Court order, based on James inexplicable, willful refusal to utilize the Court's standard IFP form); *James v. Gammon*, CV418-307, doc. 7 (same).

In this "petition for writ of habeas corpus" filed pursuant to 28 U.S.C. § 2254 — though challenging a *federal* sentence, *see United States v. James*, CR418-205 — James yet again has refused to utilize the Court's standard IFP form. In lieu of complying, James filed his own handwritten version. Doc. 3. In it, again, he fails to set forth the

information required by the Court's form that has been repeatedly provided to him, explaining that "if [he is] required to pay costs of this [he] will not be able to prosecute [his] case due to lack of funds." *Id*. at 1. He further specifies that he is submitting his handwritten version in support of a "habeas petition," perhaps hoping that absolves him of the need to use this Court's forms — while, it must be noted, using this Court's standard § 2254 form. This ongoing refusal to abide the Court's directive on the IFP form is, simply put, flabbergasting.

However, given his professed indigency, the Court **GRANTS** James' IFP motion (doc. 3) for the purposes of Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. That review shows that his petition must be dismissed. As noted above, James is challenging a *federal* conviction and sentence through 28 U.S.C. § 2254. *Compare* doc. 1 at 1 (listing a "120 months" sentence for "possession of a firearm" imposed on April 8, 2019, in criminal case "CR418-205" in the "United States District Court for the Southern District of Georgia") *with James*, CR418-205, doc. 67 (judgment for 120 months' imprisonment for possession of a firearm as a felon, imposed on April 9, 2019).

Section 2254 petitions, however, apply to prisoners seeking relief from *state* court convictions; 28 U.S.C. § 2255 motions apply to prisoners seeking to vacate or set aside the judgment of a federal court. Consequently, the Court must construe James' § 2254 petition as a motion brought pursuant to § 2255. As James' federal conviction and sentence are currently on direct appeal before the Eleventh Circuit, *United States v. James*, No. 19-11549-K (11th Cir. filed Apr. 23, 2019), his § 2255 motion should be dismissed as premature.

Absent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the appeal may render the motion moot. *United States v. Khoury*, 901 F.2d 948, 969 n. 20 (11th Cir.1990) (§ 2255 motion will not be entertained during pendency of a direct appeal); *see also Kapral v. United States*, 166 F.3d 565, 570 (3rd Cir. 1999) ("a collateral attack is generally inappropriate if the possibility of further direct review remains open."); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968) (a § 2255 motion "will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970) ("[e]xcept under most unusual circumstances, not here

present, no defendant in a federal criminal prosecution is entitled to have a direct appeal and a § 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence."). Indeed, this Court is without jurisdiction to consider such claims. *United States v. Dunham*, 240 F.3d 1328, 1329-30 (11th Cir.2001).

"To this end, the record includes no reason to conclude that [James'] case presents extraordinary circumstances that render this reasoning inapplicable." *United States v. Casaran-Rivas*, 311 F. App'x 269, 273 (11th Cir. 2009). His § 2255 motion should be **DISMISSED** without prejudice as premature.[1]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for

---

[1] Meaning, should movant decide to pursue collateral relief *after* resolution of his direct appeal, that subsequent § 2255 motion would not be second or successive.

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this  10th  day of June, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA